

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ERIC THOMAS, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:12-CV-837-A |
| | § | |
| DOVENMUEHLE LTD., ET AL.,[1] | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed in the above action by defendants Mackie Wolf Zientz & Mann, P.C. ("Mackie Wolf"),[2] Israel Saucedo, Michael W. Zientz, Brandon Wolf, L. Keller Mackie, Wes Webb, Carl Niendorff, John Lynch, and Lindsey C. Webb ("Motion Defendants"). Plaintiffs, Eric Thomas ("Thomas") and David M. Wethy("Wethy"), as Trustee of the 7821 Owen Dr. Family Trust ("Trust"), filed nothing in response to the

---

[1] LPP Mortgage Ltd. was originally the first named defendant in the instant action. By order signed March 11, 2013, the court severed plaintiffs' claims against LPP Mortgage Ltd. into a separate civil action.

[2] Defendant Mackie Wolf Zientz & Mann, P.C., states that it was incorrectly named in the complaint as Mackie Wolfe & Zientz, P.C. The court will identify this defendant by its correct name or as "Mackie Wolf."


motion.[3]  Having considered the motion to dismiss, the document by which plaintiffs initiated this action,[4] and applicable legal authorities, the court concludes that the motion to dismiss should be granted.  Although they neither filed a separate motion nor joined in the instant motion, the court is also <u>sua sponte</u> dismissing defendants Dovenmuehle Ltd., Justice of the Peace Ralph Swearingin, Jr. ("Swearingin"), Constable Jerry Crowder ("Crowder"), Constable Donald Jensen ("Jensen"),[5] and David Stockman ("Stockman"), for the reasons set forth herein.

Additionally, on March 20, 2013, plaintiffs filed the following motions:  (1) Motion to Keep All Parties Together, and (2) Motion for Preliminary Injunction Hearing.  Given that the court is dismissing the action in its entirety, plaintiffs' motions are denied.

---

[3]The motion to dismiss was filed February 20, 2013; plaintiffs' response was due March 13, 2013.  On March 20, 2013, plaintiffs filed two motions: a Motion to Keep All Parties Together, and Motion for Preliminary Injunction Hearing.  Neither of these documents could be construed as a response to the motion to dismiss.

[4]Plaintiffs initiated the action by filing a document titled "Plaintiffs Original Petition for Tort and Violations of TILA, RESPA and the Federal Debt Collection Practices Act and Texas Collection Practices Act Conspiracy to Defraud and Civil Fraud" (errors in original).

[5]Donald Jensen is not named in the caption as a defendant but is listed in the body of the complaint under the heading "Parties and Service."  To the extent plaintiffs intended to include Donald Jensen as a defendant, the court is dismissing all claims against him as well.

I.

Background

Plaintiffs initiated this action by filing their original complaint on November 26, 2012. As far as the court is able to discern, the complaint makes the following factual allegations:

Thomas purchased real property located at 7821 Owen Drive in North Richland Hills, Texas, in November 2006. On July 25, 2012, Thomas sold and conveyed the property to Trust. On or about August 15, 2012, Thomas received a letter from Mackie Wolf stating it was hired by Dovenmuehle Ltd. to represent it in "collecting the indebtedness and enforcing the deed of trust," Compl. at 5, and also stating that the substitute trustee would sell the property to the highest cash bidder. Thomas never received notice showing that a substitute trustee was appointed pursuant to the deed of trust and Texas law.

On or about October 3, one of the plaintiffs received another letter from Mackie Wolf stating that a foreclosure sale was held on September 4, 2012. Wethy, in his capacity as trustee of the Trust, contacted Mackie Wolf and reported that the property had been conveyed and was currently protected under federal bankruptcy laws.

On October 29, 2012, Jensen delivered a citation for an eviction hearing. On November 7, 2012, Wethy attended the

eviction hearing as agent for Thomas. At the hearing, Swearingin called the case, placed Wethy under oath and proceeded with the hearing. Stockman, who was not an attorney, represented LPP Mortgage Ltd., the plaintiff in that action. Although Wethy objected and asked Swearingin to put Stockman under oath, Swearingin refused, but allowed Stockman to represent LPP Mortgage Ltd. at the hearing. Although Wethy provided proof that the property was part of a bankruptcy proceeding, Swearingin went forward with the eviction hearing.

On or about November 12, 2012, Wethy obtained copies of all filings pertaining to the eviction proceeding. Plaintiff found an official receipt that showed the citation for eviction was drafted and served before payment for it was received by the clerk's office. On November 20, 2012, Jensen delivered to plaintiff a final notice of eviction to vacate.

In their complaint, plaintiffs alleged claims and causes of action against defendants for violations of §§ 392.101, 392.301(8), and 392.404 of the Texas Finance Code, violations of the Texas Deceptive Trade Practices Act ("DTPA"), violations of the Texas Debt Collections Act ("TDCA"), and violations of the federal Fair Debt Collection Practices Act ("FDCPA"). The complaint also contains the headings "Bifurcation" and "Texas

Business & Commercial Code," Compl. at 7, but those headings do not appear to assert additional causes of action.

## II.

### Analysis

A.  <u>Standard of Review</u>

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests, <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. <u>Id.</u> at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

The court has the inherent authority to dismiss a complaint on its own motion for failure to state a claim. See Carroll v. Fort James Corp., 470 F.3d 1171, 1176-77 (5th Cir. 2006); Shawnee Int'l, N.V. v. Hondo Drilling Co., 742 F.2d 234, 236 (5th Cir. 1984). The Fifth Circuit has held that a district court can dismiss an action sua sponte as long as the procedure employed is fair, and has suggested that fairness in this context involves notice of the court's intention to dismiss and an opportunity to respond. Lozano v. Ocwen Fed. Bank, FSB, 489 F.3d 636, 643 (5th Cir. 2007). However, even if the court fails to provide notice to the plaintiff prior to dismissing the action, the dismissal is appropriate if the plaintiff has alleged his "best case" and dismissal is otherwise proper. Id. "At some point a court must

6

decide that a plaintiff has had a fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." Jacquez v. Procunier, 801 F.2d 789, 792 (5th Cir. 1986).

B. Application of the Standards to Plaintiffs' Complaint

The court finds that the complaint falls far short of the required pleading standards as to any of the defendants and should be dismissed in its entirety.

1. Motion Defendants

The complaint fails to allege any facts related to the causes of action asserted in the complaint, nor do the claims and causes of action appear to distinguish between the acts of the various defendants. The headings for plaintiffs' claims under the Texas Finance Code and DTPA do not specify the defendant or defendants against whom those claims are raised, while the claims under the DCPA and FDCPA appear to be directed at all, or almost all, of the defendants. Each of the causes of action appears comprised of a recitation of the statutory elements pertaining to that cause of action, or else contains only conclusory assertions that the defendants have committed certain wrongful acts. Absent from the complaint are any facts to support any of the causes of action against any of the defendants.

A representative example is plaintiffs' claims under the

7

DTPA, which is comprised of the following three paragraphs:

> 64 Plaintiffs re-allege and incorporate by reference the foregoing allegations.
>
> 65. Plaintiffs would further show that the defendants engaged in certain false, misleading, and deceptive acts, practices, and/or omissions under the Texas Deceptive Trade Practices--Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41 et seq,) as alleged below.
>
> 63. Defendants engaged in an "unconscionable action of course of action" to the detriment of Plaintiffs as that term is defined by section 17.45(5) of the Texas Business and Commerce Code, and violated the Texas Finance Code by alleging transfers and assignments of the note, Which are misstatements of fact, and failing to Produce any Original documents showing that the defendants are truly the perfected chain of Title Note Holders. <u>DTPA Violations under other statues.</u> Plaintiffs would show that the defendants engaged in false, misleading, or deceptive acts as provided by the "tie-in" statue, namely the Texas Debt Collection Act (Texas Finance Code, sections § 392.301(8), § 392.303, § 392.304). SEE EXHITS I

Compl. at 9 (errors in original). A review of the factual allegations set forth in section I, <u>supra</u>, demonstrates that none of them allege anything as would support plaintiffs' claim under the DTPA. The same result is true for all of plaintiffs' other claims and causes of action.

The court recognizes that plaintiffs are appearing <u>pro se</u>, and is giving plaintiffs every benefit of the doubt in construing their pleadings. However, even <u>pro se</u> plaintiffs must plead sufficient facts to give a defendant fair notice of the claims

8

against it. Here, plaintiffs have provided nothing more than the type of bare legal conclusions, unsupported by any factual underpinnings, that fail to state a claim for relief. Iqbal, 556 U.S. at 679. Plaintiffs have failed to allege sufficient factual allegations to show that their right to relief against the Motion Defendants is plausible, and all claims against those defendants are dismissed. Id.

2. Remaining Defendants

Following the court's dismissal of claims against the Motion Defendants, only Dovenmuehle Ltd., Swearingin, Crowder, Jensen, and Stockman remain as defendants. The court is sua sponte dismissing these defendants for the same reasons as the Motion Defendants: nothing in the complaint alleges any facts as would state a claim for relief against any of the remaining defendants.

The complaint identifies Swearingin as a Justice of the Peace. Judges generally are absolutely immune from damages suits. Mireles v. Waco, 502 U.S. 9, 9-10 (1991). Exceptions to this absolute immunity exist if a suit pertains to non-judicial actions, or if judicial action is "taken in the complete absence of all jurisdiction." Id. at 11. Here, all of the factual allegations concern actions taken by Swearingin as he was presiding over a hearing on an eviction suit in his capacity as Justice of the Peace. Further, section 27.031(a)(2) of the Texas

9

Government Code vests in the Justice of the Peace original jurisdiction over forcible entry and detainer suits. Accordingly, neither of the exceptions applies, and Swearingin is absolutely immune from plaintiffs' suit.

The only mention of Dovenmuehle Ltd. in the complaint is an allegation that it hired Mackie Wolf to "represent it in collecting the indebtedness and enforcing the deed of trust." Compl. at 5 (capitalization omitted). That lone statement is insufficient to state any claim for relief against Dovenmuehle.

Only two factual allegations in the complaint mention Jensen: that on October 29, 2012, he delivered a citation for eviction hearing, and on November 20, 2012, he delivered a final notice of eviction to vacate. These allegations fail to support any claim for relief. Similarly, the only allegations against Stockman are that he appeared at the eviction hearing in Judge Swearingin's court to represent LPP Mortgage Ltd. Those allegations fail to state a claim for relief. Finally, although Crowder is named as a defendant, the court can find no factual allegations in the complaint alleging anything against him.[6]

The court recognizes that generally a _pro se_ party would be afforded an opportunity to respond or to amend his complaint

---

[6] As constables, it is likely that Crowder and Jensen would also be entitled to the defense of qualified immunity.

prior to the court's <u>sua sponte</u> dismissal. <u>Bazrowx v. Scott</u>, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam). Such an action is unnecessary, however, where it appears the plaintiff has alleged "his best case." <u>Id.</u> Here, plaintiffs were placed on notice of the deficiencies in their complaint by the motion to dismiss. Plaintiffs failed to respond to the motion, and they made no attempt to amend their complaint following the filing of the motion to dismiss, leading the court to conclude that they have alleged their "best case" against the defendants.

Further, given the sparse, or non-existent, factual allegations against Dovenmuehle Ltd., Crowder, Jensen, and Stockman, and the absolute immunity of Swearingin, the court can think of nothing plaintiffs could argue, given the opportunity to respond to the court's intention to <u>sua sponte</u> dismiss, to demonstrate that they have alleged sufficient facts to state a claim for relief against those defendants. Nor does the court find that plaintiffs could allege such facts if the court afforded them the opportunity to amend their complaint. <u>See id.</u> Accordingly, the court can see nothing to be gained by providing plaintiffs an opportunity to respond or to file an amended complaint.

III.

Order.

Therefore,

The court ORDERS that plaintiffs' Motion to Keep All Parties Together, and Motion for Preliminary Injunction Hearing, be, and are hereby, denied.

The court further ORDERS that the Motion Defendants' motion to dismiss be, and is hereby, granted.

The court further ORDERS that all claims and causes of action brought by plaintiffs, Thomas and Wethy, against the Motion Defendants, Dovenmuehle Ltd., Swearingin, Crowder, Jensen, and Stockman, be, and are hereby, dismissed with prejudice.

SIGNED March 21, 2013.

JOHN McBRYDE
United States District Judge